UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TAVARES J. BROWNING,

    Petitioner,

    v.                                      CAUSE NO.: 3:19-CV-431-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Tavares J. Browning, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP 17-9-347) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possession of a controlled substance in violation of Indiana Department of Correction Offense 202. Following a disciplinary hearing, he was sanctioned with a loss of ninety days of earned credit time. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Browning argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence for a finding of guilt. He denies possessing a controlled substance. He explains that he was merely attempting to assist in the delivery of a kite[1] from one cell to another by freeing the attached string and had no knowledge of its

---

[1] In this context, "kite" apparently refers to a small makeshift paper envelope.

contents. He states that the video recording and witness statements from other inmates corroborates his version of the events.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Browning was charged with possession of a controlled substance. The administrative record included a conduct report in which a correctional officer stated that he saw Browning pulling a kite into his cell and that the kite contained a green substance wrapped in white paper. While the correctional officer's observation falls short of scientific verification, the description of the substance's appearance and the method of delivery suggests a controlled substance. The administrative record also included a video recording corroborating the events described in the conduct report and a photograph of the kite's contents. Consequently, even if Browning was merely the middle man as he alleges, the administrative record contains some evidence that he possessed a controlled substance. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Because Browning has not presented a valid basis for habeas relief, the petition is denied. If Browning wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v.*

*Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES Tavares J. Browning leave to proceed in forma pauperis on appeal.

SO ORDERED on July 8, 2019

                                                /s/ JON E. DEGUILIO
                                      JUDGE
                                      UNITED STATES DISTRICT COURT